# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE SMITH,** | : | **CIVIL NO. 1:18-CV-851** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Terrance Smith ("Smith"), an inmate confined at the Canaan United States Penitentiary, in Waymart, Pennsylvania ("USP-Canaan"). (Doc. 1). Smith claims that the Federal Bureau of Prisons ("BOP") miscalculated his federal sentence by failing to credit his time spent in state custody. (Id.) The petition is ripe for disposition and, for the reasons set forth below, the court will deny the petition.

## I.  **Background**

On January 28, 2017, Smith was arrested for illegal possession of a firearm in violation of New Jersey state law and detained in the Hudson County Correctional Facility. (See United States v. Smith, Criminal Docket No.: 2:17-cr-116-1, at Doc. 23). He was also arrested on an outstanding warrant for a contempt violation of a judicial domestic violence order in another pending case. (Id.)

On March 30, 2017, the United States District Court for the District of New Jersey received an indictment charging Smith with possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g). (Doc. 11-1, at 11, Declaration of Bryan Erickson ("Erickson Decl."), ¶ 3; Doc. 11-1, at 20-21, Indictment).

On April 5, 2017, Smith was sentenced in the Jersey City Municipal Court to a six (6) month term of imprisonment with credit for twenty-nine (29) days, for a contempt violation of a judicial domestic violence order. (Doc. 11-1, at 42).

On April 13, 2017, while remaining in state custody, Smith was borrowed from the State of New Jersey pursuant to a federal a writ of habeas corpus *ad prosequendum* and arrested based on the federal indictment. (See Doc. 11-1, at 24-27). Smith initially appeared in federal court on April 13, 2017 and entered a plea of not guilty. (Id.) He was returned to state custody on the same date and a detainer was filed by the United States Marshals. (Id.)

Also on April 13, 2017, the Superior Court of New Jersey, Hudson County, Jersey City, New Jersey dismissed their charges in lieu of federal prosecution. (Doc. 11-1, at 40).

On April 19, 2017, while still in state custody, Smith was again borrowed from the State of New Jersey pursuant to a federal a writ of habeas corpus *ad prosequendum* for arraignment on the federal indictment. (Doc. 11-1, at 26-27). He was returned to state custody on that same date. (Id.)

On June 13, 2017, Smith was sentenced in the Secaucus Municipal Court to a time-served sentence, credited from the date of arrest on January 28, 2017, for criminal mischief and trespass. (Doc. 11-1, at 42).

On June 14, 2017, while still in state custody, Smith was again borrowed from the State of New Jersey pursuant to a federal a writ of habeas corpus *ad prosequendum* for a plea hearing. (Doc. 11-1, at 26-27). On June 14, 2017, Smith entered a guilty plea. (Id.) He was returned to state custody on that same date. (Id.)

On June 15, 2017, Smith was sentenced in the Jersey City Municipal Court to a ninety (90) day term of imprisonment with credit for ninety (90) days, for driving while intoxicated. (Doc. 11, at 5).

On August 9, 2017, Smith completed his New Jersey state sentences and was released to exclusive federal custody on the previously filed detainer. (Doc. 11-1, at 42).

On November 14, 2017, Smith was sentenced in the United States District Court for the District of New Jersey to a fifty-seven (57) month term of imprisonment for possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1). (Doc. 11-1, at 32-37, United States District Court, Judgment in a Criminal Case, Case Number 2:17-CR-116-1).

The BOP prepared a sentence computation for Smith, based on a fifty-seven (57) month term of imprisonment commencing on November 14, 2017, the date his federal sentence was imposed. (Doc. 11-1, at 42). A total of ninety-six (96) days of prior custody credit was applied to the federal sentence from August 10, 2017 through November 13, 2017. (Doc. 11-1, at 6-8). Smith's projected release date is September 28, 2021, via good conduct release time. (Doc. 11-1 at 11, Erickson Decl., ¶ 3; Doc. 11-1 at 14-16, Public Information Inmate Data).

3

## II. Discussion

Smith contends that the BOP improperly computed his federal sentence and claims that he should be granted prior custody credit for the time he spent in a New Jersey state facility from January 28, 2017 to November 15, 2017. (Doc. 1). Smith requests a *nunc pro tunc* designation to a New Jersey state prison as "a place of confinement" for service of his federal sentence. (Id. at 6-7).

The Attorney General is responsible for computing federal sentences, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 333 (1992); Armstrong v. Grondolsky, 341 F. App'x 828 (3d Cir. 2009), and has delegated that authority to the BOP under 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination. First, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

### A. Commencement of Sentence

The BOP generally determines the date upon which a federal sentence commences. See, e.g., Goodman v. Grondolsky, 427 F. App'x 81, 82 (3d Cir. 2011) ("In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence."). A federal sentence cannot commence earlier than the date on which it was imposed. Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010), citing, United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998); see also BOP Program Statement 5880.28, Chapt. 1, pp. 12-13.

4

Section 3585 of Title 18 of the United States Code provides, in part:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Smith's federal sentence commenced on November 14, 2017, the date it was imposed.

### B. Prior Custody Credit

Section 3585(b) of Title 18 of the United States Code provides:

(b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The Supreme Court has made clear a defendant cannot receive a "double credit" for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).

Smith was convicted of, and serving sentences for, various state charges while in New Jersey state custody starting on January 28, 2017. Smith's state sentences expired on August 9, 2017, at which time New Jersey authorities relinquished custody of Smith and he entered exclusively into federal custody. Because Smith was in the primary custodial authority of the State of New Jersey from January 28, 2017 through August 9, 2017, that time was properly credited against his state sentences. Pursuant to § 3585(b), Smith cannot receive additional credit towards his federal sentence for the time that he was serving state sentences between January 28, 2017 and August 9, 2017.[1] Furthermore, because Smith's state sentences expired prior to the imposition of the federal sentence, *a nunc pro tunc* designation to the state of New Jersey for service of the federal sentence is not possible. See 18 U.S.C. § 3585(a); Prescod, Jr. v. Schuykill, 630 F. App'x 144, 147 (3d Cir. 2015) (holding that the BOP did not abuse its discretion in denying *nunc pro tunc* designation because "a federal sentence cannot commence before it is imposed, 18 U.S.C. § 3585(a), and Prescod points to no authority that holds that a *nunc pro tunc* designation would operate to commence a sentence earlier.").

Thus, Smith's aggregate credit for time served was properly calculated.

---

[1] The only time period that was not previously credited against any other sentence was between August 10, 2017, when Smith entered into exclusive federal custody, and November 14, 2017, the date of his federal sentencing. Accordingly, the BOP applied ninety-six (96) days of prior custody credit to Smith's federal sentence from August 10, 2017 through November 13, 2017. (See Doc. 11-1 at 16, Public Information Inmate Data; Doc. 11-1, at 42).

**III. Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

                                                  /S/ CHRISTOPHER C. CONNER  
                                                  Christopher C. Conner, Chief Judge  
                                                  United States District Court  
                                                  Middle District of Pennsylvania

Dated:       October 28, 2019